

FILED
SEP 1 2 2005

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| KURTIS ALEXANDER SCHILLER, and STEVE and MARILYN SCHILLER, | * * * | CIV 03-4165 |
| Plaintiffs, vs. | * * * * | |
| JAYCEE CAMP FOR EXCEPTIONAL CHILDREN, INC.; JAYCEE CAMP FOR HANDICAPPED CHILDREN, INC.; and DUSTIN LAU, Defendants. | * * * * * * * | MEMORANDUM OPINION AND ORDER |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

In the Complaint in this action, Plaintiffs allege that Kurtis Schiller, as a minor, was raped by a camp counselor while attending the Jaycee Camp for the Exceptional. Defendants have moved to amend the caption in this case to strike Kurtis' parents Steve and Marilyn Schiller as named plaintiffs and as "Next of Friend of Kurtis Alexander Schiller." Doc. 38, 43. Defendants have also moved to dismiss Count IX of Plaintiffs' Complaint. Doc. 40. For the reasons set forth in this Memorandum, the caption will be amended to strike "Next of Friend of Kurtis Alexander Schiller." In addition, Count IX of Plaintiffs' Complaint is dismissed.

Motion to Amend Caption

In Plaintiffs' reply to Defendants' Motion to Amend Caption, Plaintiffs state, "Plaintiffs agree that the 'Next of Friend' designation can be removed from the caption as Kurtis is neither a minor or incompetent." Doc. 48. The Court agrees with Plaintiffs that Steve and Marilyn Schiller have asserted potentially viable claims for Kurtis' counseling and that they should remain named plaintiffs even though the Court is dismissing Count IX of the Complaint.

Count IX of the Complaint

Count IX of the Complaint sets forth a "Parent's Loss of Consortium Claim." In this claim, Plaintiffs allege, "Steve and Marilyn Schiller as parents, have suffered the loss of aid, comfort, society and companionship of Kurtis due (sic) the injuries suffered by Kurtis as a result of the acts

and omissions of the Jaycees, liability of the Jaycees for the intentional acts of Dustin Lau, and the intentional acts of Dustin Lau.

In the case of *In the Matter of the Certification of Questions of Law from the United States Court of Appeals for the Eighth Circuit, Pursuant to the Provisions of SDCL 15-24A-1*, 544 N.W.2d 183 (S.D. 1996), the South Dakota Supreme Court clearly held that parents do not have a cause of action for emotional distress or loss of consortium for injuries to their minor children. South Dakota does recognize, however, a parent's claim for injury done to the parent for loss of services during minority and expenses incurred by the parent as a result of the injuries. *Id.*

In their resistance, Plaintiffs assert, "The Plaintiffs unwillingly agree that the law in South Dakota as it presently exists, forecloses their claim for parental loss of consortium based upon the 'common law.'" Plaintiffs assert, however, that an alienation of affections claim exists under S.D.C.L. § 20-9-7 (4) for the seduction of a son. However, after accepting the allegations contained in the Complaint as true, and considering all the case law submitted by Plaintiffs, this Court has concluded that Count IX must be dismissed pursuant to the mandate of *In the Matter of the Certification of Questions of Law from the United States Court of Appeals for the Eighth Circuit, Pursuant to the Provisions of SDCL 15-24A-1*, 544 N.W.2d 183 (S.D. 1996).

Accordingly,

**IT IS ORDERED:**

1. That the motion to amend caption is granted to the extent that the 'Next of Friend' designation will be removed from the caption; and

2. That Count IX of the Complaint is dismissed with prejudice.

Dated this 12th day of September, 2005.

BY THE COURT

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY _____
    DEPUTY

2